IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01151-BNB

PETER MICHAEL CHALLENOR,

Applicant,

v.

ARISTEDES W. ZAVARAS, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2010

GREGORY C. LANGHAM
                        CLERK

---

ORDER TO DISMISS

---

I. Background

Applicant, Peter Michael Challenor, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Colorado Correctional Center in Golden, Colorado. Mr. Challenor, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on July 9, 2010, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 23, 2010, Respondents filed a Pre-Answer Response. Mr. Challenor filed a Reply on August 2, 2010.

Mr. Challenor is challenging his State of Colorado Criminal Case No. 02CR0791, in which he was sentenced to fifteen years of incarceration at the DOC. (Application at 2.) (*Id.*) Mr. Challenor also states he filed a direct appeal and a postconviction motion

that is pending in state court. (*Id.* at 2-4.) Mr. Challenor raises only one claim in this action asserting that mandatory parole is a violation of the Double Jeopardy Clause of the United States Constitution. Mr. Challenor concedes that he has not exhausted this claim in state court, but he contends that any attempt he has made or will make to exhaust is futile.

Respondents assert that Mr. Challenor's Application is untimely under 28 U.S.C. § 2244(d). (Pre-Answer Resp. at 5.) Respondents assert that the Colorado Supreme Court denied certiorari on March 6, 2006 in Mr. Challenor's direct appeal and that his conviction became final ninety days later, on June 4, 2006. (*Id.*) Respondents further assert that twenty-nine days later, on July 3, 2006, Mr. Challenor filed a Colo. R. Crim. P. 35(b) motion for reconsideration, which was denied on August 15, 2006, (*id.* at 6), and that two hundred and twenty-seven days later, on March 30, 2007, Mr. Challenor filed a motion to amend the mittimus and award good time credit. Respondents contend that if the motion to amend and award is a properly filed postconviction motion, the time is tolled until May 17, 2007, which is forty-five days after the trial court denied the motion on April 2, 2007. (*Id.*) Respondents further contend that twenty-eight days later, on June 14, 2007, Mr. Challenor filed another motion for time-credit adjustment, which was denied on June 15, 2007, and the time was tolled until June 30, 2007,[1] forty-five days after the trial court denied Mr. Challenor's motion for time credit adjustment. (*Id.*) Respondents also contend that eighty-one days later, on September 19, 2007, the one-year statute of limitations under § 2244(d) expired. (*Id.*) Respondents also add

---

[1] It appears that Respondents inadvertently referred to June 30 rather than July 30. The Court discusses the discrepancy below.

that, because the remaining two postconviction motions were filed after the one-year time limitation expired, the first being filed on November 11, 2009, the time during which those two motions were pending cannot toll the time for purposes of § 2244(d). (*Id.*) Respondents conclude that the instant Application was not filed until July 8, 2010, which is two years, nine months, and nineteen days after the expiration of the one-year limitation period under § 2244(d) and is untimely. (*Id.*)

II. Analysis

The Court must liberally construe Mr. Challenor's Application because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

A. Time Bar/28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Challenor does not disagree with Respondents' arguments regarding the timeliness of this action and the argument that the two postconviction motions filed on November 11, 2009 and April 23, 2010 were beyond the one-year time limitation. Although the Court agrees that the action is time-barred, Mr. Challenor's motion for time-credit adjustment tolled the time for purposes of § 2244(d) from June 14, 2007, until July 30, 2007, not June 30, 2007, as stated by Respondents. Respondents' reference to June 30 appears to be a typographical error. Also the time was tolled from August 16, 2006 until October 2, 2006,[2] which includes the time Mr. Challenor had to appeal the July 3 postconviction motion even though he elected not to do so.

The Court, therefore, finds that the time for purposes of § 2244(d) was not tolled from (1) June 5, 2006, the day after the time ran for Mr. Challenor to petition the United

---

[2] Mr. Challenor had until Monday, October 2, 2006, to file his appeal. *See* C.A.R. 4(b) and 26 (Last day of the time period is not included if it is a Sunday.).

States Supreme Court in his direct appeal, until July 2, 2006, the day prior to when he filed a motion for reconsideration (twenty-eight days); (2) October 3, 2006, the day after the time ran for Mr. Challenor to appeal the denial of his motion for reconsideration, until March 29, 2007, the day prior to when Mr. Challenor filed a motion to amend the mittimus and award good-time credits (178 days); (3) May 18, 2007, the day after the time ran for Mr. Challenor to appeal the motion to amend and award, until June 13, 2007, the day prior to when Mr. Challenor filed another motion for time-credit adjustment (27 days); and (4) July 3, 2007, *see* C.A.R. 4(b) and 26, the day after the time ran for Mr. Challenor to appeal the motion for time-credit adjustment, until November 11, 2007 (132 days), for a total of 365 days. Mr. Challenor did not submit the instant action to this Court until May 4, 2010, over two years after the time expired.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at * 12 (internal quotation marks omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, Mr. Challenor bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Mr. Challenor fails to allege any facts that might justify equitable tolling of the one-year limitation period in the Application. Furthermore, Mr. Challenor had the opportunity to reply and state why the time should be tolled for purposes of § 2244(d). The Court has reviewed Mr. Challenor's Reply and finds that he does not address the timeliness of his Application. Mr. Challenor only states that "[e]xhaustion is not necessary when review proves futile. That said application of report claims of same or similar nature should be deemed futile." Nothing Mr. Challenor states in the Reply or the Application set forth a demonstration that equitable tolling is justified. Therefore, Application will be denied as time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Mr. Challenor also has failed to exhaust his state court remedies. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.

6

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Upon review of Mr. Challenor's opening brief on appeal, the Court finds he did not assert a double jeopardy claim regarding mandatory parole. Nor does Mr. Challenor deny Respondents' assertion that he did not raise a double jeopardy claim in any of his timely-filed postconviction motions. Although Mr. Challenor concedes he has not exhausted his double jeopardy claim, he does argue that he has presented the claim multiple times in the "original" court and any further attempts to proceed in state court would prove futile.

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground.

***Steele v. Young***, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See* ***Hickman v. Spears***, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. ***Steele***, 11 F.3d at 1524 (citing ***Coleman v. Thompson***, 501 U.S. 722, 735 n.1 (1991); ***Harris v. Reed***, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." ***Cummings v. Sirmons***, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Challenor's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See* ***Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

The time limitation established by Colo. Rev. Stat. § 16-5-402 is a firmly established and regularly followed procedural rule. *See* ***Klein v. Neal***, 45 F.3d 1395, 1398 (10th Cir. 1995). Section 16-5-402 provides that a defendant who has been convicted of any felony, other than a class one felony, must commence a collateral attack of the conviction within three years of the date of the conviction. Mr. Challenor's conviction was final for purposes of § 16-5-402 on March 6, 2006, over four years ago,

which is well beyond the time limitation for filing a postconviction motion. The Colorado Rules of Criminal Procedure also prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to Mr. Challenor's claim. *Id.* The Court, therefore, agrees that Mr. Challenor has procedurally defaulted his double jeopardy claim in state court.

Although Mr. Challenor claims it would have been futile to proceed in state court, he makes no showing of futility. Without more, Mr. Challenor fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. The Court finds that Mr. Challenor is procedurally barred from raising his claim in a federal habeas action. Nonetheless, the Court will dismiss the action as time-barred under 28 U.S.C. § 2244(d).

III. Conclusion

Based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Challenor has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __23rd__ day of __August__, 2010.

                                BY THE COURT:

                                _s/Philip A. Brimmer_
                                PHILIP A. BRIMMER
                                United States District Judge, for
                                ZITA LEESON WEINSHIENK, Senior Judge
                                United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01151-BNB

Peter Michael Challenor
Prisoner No. 118174
Colorado Corr. Center
P.O. Box 4020
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/23/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk